BURNS & SCHAFFER AMUSEMENT COMPANY, PROSECUTOR, v. LEO J. WARWICK, JUDGE, ETC., ET AL., DEFENDANTS.

Argued January 18, 1927—Decided January 31, 1927.

**Londlord and Tenant—Clause in Lease Providing For Re-entry if Rent is Not Paid Within Thirty Days After Due—Held, That it is Not in Form of a Mutual Covenant and Confers No Right or Privilege on Tenant—It was Made For Exclusive Benefit of Landlord—Judgment of District Court Affirmed.**

On rule to show cause.  On *certiorari*.

Before Justices BLACK and CAMPBELL.

For the prosecutor, *William L. Edwards* and *Ward Kremer*.

For the defendants, *Quinn, Parsons & Doremus*.

PER CURIAM.

A rule to show cause was allowed in this case, to show cause why a writ of *certiorari* should not issue to review a judgment of the Second Judicial District Court of Monmouth county, on the 20th day of December, 1926, for the posses-

sion of a building containing a theatre, situate at the northeast corner of Linden Place and Broad street, in the borough of Red Bank, New Jersey. The facts are not in dispute.

The prosecutor admits that it was in default for the rent due upon the 6th of December, 1926. The sole reason against the entry of the judgment is that under a clause in the lease it was provided that the rent should not be paid for thirty days after the due date. The District Court held otherwise and entered judgment in favor of the plaintiff. This we think was not error. The clause in the lease relied upon to defeat the actions is as follows: "If the rent is not paid as herein agreed, within thirty days from the date upon which it shall fall due, the party of the first part reserves unto himself the right to declare the within lease null and void, the guarantee forfeited, and to enter the said premises and remove all persons therefrom." The right of re-entry reserved in this clause of the lease is concurrent to the right of summary action by the plaintiff, under the statute, and is not exclusive. The clause is not in form of a mutual covenant between the parties to the lease. It is an independent covenant. There is no right or privilege conferred by this clause upon the tenant. The reservation is made for the sole and exclusive benefit of the landlord without regard to any rights of the tenant, as we read the lease.

The District Court had jurisdiction of the case and, as we think, that court reached a right result. The rule to show cause is therefore discharged. The judgment of the District Court is affirmed, with costs.